KOSCHERAK SIPHON BOTTLE WORKS, Plaintiff, *v.* NORTH AND EAST RIVER STEAMSHIP COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, January 28, 1930.

*Leventritt, Riegelman, Carns & Goetz,* for the plaintiff.

*Blandy, Mooney & Shipman,* for the defendant.

CHILVERS, J. The carrier here issued a straight bill of lading naming the plaintiff as consignee. It is immaterial whom the carrier was to notify; delivery to a person other than the plaintiff

was a breach of the contract of carriage. (4 Elliott Railroads [3d ed.], 772.) For this breach the shipper only could recover damages; the contract of carrriage was made with him. The consignee, however, when he was the owner, has his action also when there has been a failure to deliver, by reason of his ownership of the goods. Such action is, as the one before me now, laid in conversion. In such action the carrier may show as an excuse that the person to whom delivery was made was really entitled to the possession of the goods. This rule of the common law has been codified in section 198-a of the Personal Property Law (added by Laws of 1911, chap. 248). The plaintiff here sold these goods to the Elixa Bottling Company in July, 1920. Either then, if the goods were specific, or in August, when they were appropriated by delivery to the carrier, title in the goods passed to that vendee. When this delivery was made, the bill of lading was taken straight to the seller. This indicated that the right to the possession was retained by the plaintiff, as provided in section 226 of the Personal Property Law (added by Laws of 1911, chap. 248). There being nothing in the contract of sale making that provision inapplicable, it follows that the carrier is not excused.

Judgment for plaintiff for $386.88, with interest from October 29, 1920.